**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ERVIN J. BEST,

Plaintiff, 9:24-cv-1224 (ECC/MJK)

v.

SHERIFF LOCY, et al.,

Defendants.

---

**Appearances:**

Ervin J. Best, *Pro se Plaintiff*
Paul G. Lyons, Esq., *for Defendant Locy*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

Plaintiff Ervin Best commenced this civil rights action under 42 U.S.C. § 1983 asserting claims for the violation of his constitutional rights during his confinement as a pretrial detainee at Jefferson County Correctional Facility. Dkt. No. 1. By Decision and Order entered on November 13, 2024, Plaintiff's IFP Application was granted, and after screening the Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court permitted Plaintiff's Fourteenth Amendment excessive force claims against Defendants Locy and Laveane to proceed. Dkt. No. 6. An acknowledgement of service as to Locy was filed on December 12, 2024, however Laveane could not be located and was never served in this action despite the U.S. Marshals' attempt to do so. Dkt. Nos. 9, 10, 12.

On February 17, 2026, Locy filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56(a), seeking dismissal of the Complaint against him. Dkt. No. 26. Plaintiff filed a response

on March 13, 2026, and Locy a reply on March 24, 2026. Dkt. Nos. 29, 33. This matter was assigned to United States Magistrate Judge Mitchell J. Katz, who issued a Report-Recommendation on June 11, 2026, recommending that Locy's motion be granted in part and denied in part. Magistrate Judge Katz further recommended that the Complaint be sua sponte dismissed with prejudice as against Laveane. Dkt. No. 35. Magistrate Judge Katz advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections, and that the failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 33. Both Plaintiff and Locy filed objections to the Report-Recommendation. Dkt. Nos. 36, 37, 38. For the reasons set forth below, the Court accepts in part and rejects in part Magistrate Judge Katz's Report-Recommendation.

## II. STANDARD OF REVIEW

This Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

## III. DISCUSSION

### A. Locy's Objections

Locy raises two objections to Magistrate Judge Katz's Report-Recommendation. First, Locy argues that even crediting Plaintiff's factual allegations concerning the shower room use of force as true, he is entitled to summary judgment because his actions were objectively reasonable under *Kingsley v. Hendrickson,* 576 U.S. 389, 397 (2015). Dkt. No. 36 at 3-5.

"[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 397. The analysis of "objective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id*. (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Courts may consider

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.*

Here, upon reviewing the facts in the light most favorable to Plaintiff, the Court agrees with Magistrate Judge Katz's recommendation denying Locy's motion for summary judgment on Plaintiff's excessive force claim arising from the shower room use of force. It is undisputed that on May 14, 2023, Locy searched Plaintiff's cell and confiscated multiple items he considered to be contraband. It is also undisputed that Plaintiff became agitated during the search and exchanged expletives with Locy. Plaintiff was ultimately removed from his cell by Locy and placed in handcuffs. Locy escorted Plaintiff to the shower area to perform a strip search. According to Plaintiff, once they reached the shower room, Locy "immediately slammed [his] head against the wall five times," and then "sucker punched" Plaintiff in the left side. Dkt. No. 26-3 at 47. Locy proceeded to "slam" Plaintiff to the floor with his handcuffs still on, and "power drive his knee"

into Plaintiff's eye. *Id.* at 48-49. Locy then "drove his knee into [Plaintiff's] teeth," causing his teeth to go through his bottom lip. *Id.* at 49.

The parties dispute numerous issues surrounding the shower room use of force, including what took place in the hallway immediately prior to the use of force, whether Plaintiff was resisting or exhibiting any signs of aggression during the use of force, the nature of the force utilized by Locy, and how and where Locy's "bite" injuries were sustained. If a jury were to find favorably for Locy on these issues, then a finding that his conduct was objectively reasonable under the circumstances may well be appropriate. As Locy correctly notes, corrections officers are entitled to "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *See Whitley v. Albers*, 475 U.S. 312, 321-22 (1986) (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)). This does not, however, translate into carte blanche to use force without limits – the application of force must meet the need for institutional security under the circumstances. *See King v. Virts*, 826 F. Supp. 3d 480, 502 (W.D.N.Y. 2026) ("A plaintiff may prevail on a Fourteenth Amendment excessive force claim by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'") (internal quotation marks omitted) (quoting *Kingsley*, 576 U.S. at 398, and *Bell*, 441 U.S. at 561).

At this summary judgment stage, Plaintiff contends that Locy "jumped" him in the hallway immediately prior to entering the shower room because he was still arguing about the cell search, that he was not physically resisting Locy in the shower room, and that Locy's injuries were the result of Locy striking Plaintiff in the mouth with his knee. Application of these facts to the *Kingsley* factors does not merit an award of summary judgment. A reasonable jury could credit

Plaintiff's testimony and find that Locy's use of force on Plaintiff, who was allegedly wearing handcuffs at the time, was not an objectively reasonable response to Plaintiff's "verbal sparring" concerning the cell search. *See Tracy v. Freshwater*, 623 F.3d 90, 99 (2d Cir. 2010) ("[I]f a jury credited [plaintiff's] version of the events and determined that [defendant] applied pepper spray after [plaintiff] . . . was offering no physical resistance of police commands, it might well conclude that the use of that pepper spray was unreasonable under the circumstances."); *Sims v. Artuz*, 103 Fed. App'x 434, 437 (2d Cir. 2004) (plaintiff's allegations that he was kicked and punched while being removed from his cell after causing a disruption, corroborated in part by documented minor injuries were sufficient to withstand a summary judgement motion). For these reasons, Magistrate Judge Katz properly concluded that Locy's motion for summary judgment on this basis should be denied.

In his second objection, Locy maintains that Magistrate Judge Katz failed to address the required qualified immunity analysis, and whether or not "that right was clearly established at the time." Dkt. No. 36 at 5. In the Report-Recommendation, Magistrate Judge Katz declined "to reach Locy's qualified immunity argument at this juncture," due to existing issues of material fact as to the use of excessive force. Dkt. No. 35 at 21. For the following reasons, the Court agrees with Magistrate Judge Katz's recommendation denying summary judgment on qualified immunity grounds.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Russell v. Scott*, 170 F.4th 83, 93 (2d Cir. 2026) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). On summary judgment, claims of qualified immunity are evaluated "using a two-part inquiry: (1) 'whether the facts, taken

in the light most favorable to the party asserting the injury, show that the officer's conduct violated a federal right' and (2) 'whether the right in question was clearly established at the time of the violation.'" *Sloley v. VanBramer*, 945 F.3d 30, 36 (2d Cir. 2019) (quoting *Tolan v. Cotton*, 572 U.S. 650, 655–56 (2014)). "Summary judgment on qualified immunity grounds is not appropriate when there are facts in dispute that are material to a determination of reasonableness." *Thomas v. Roach*, 165 F.3d 137, 143 (2d Cir. 1999) (citation omitted).

In his objections, Locy argues that viewing the facts in the light most favorable to the plaintiff, and "assuming that [] Locy <u>did</u> strike him as described, the Court should determine that Officer Locy did not violate a clearly established right of the Plaintiff." Dkt. No. 36 at 7. Locy implores the Court to find that deference should be afforded to the alleged conduct by Locy for purposes of maintaining prison security, given "the prolonged resistance and verbal exchanges from Plaintiff, starting at the cell and leading to the shower room[.]" *Id.*

The Court interprets Locy's objection to argue that plaintiff cannot establish either of the qualified immunity prongs – a violation of his constitutional rights, or that the right was clearly established at the time of the use of force. For the reasons set forth in the response to Locy's first objection, a reasonable juror could credit Plaintiff's version of the events to conclude that Locy violated his Fourteenth Amendment right to be free from excessive force. Accordingly, Locy's entitlement to qualified immunity at this juncture turns on whether it was clearly established that Plaintiff's version of Locy's conduct violated the Fourteenth Amendment. To be sure, "a prisoner's right to be free from . . . excessive force by prison officials is clearly an established constitutional right." *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 513 (S.D.N.Y. 2008) (citations omitted). Furthermore, the genuine disputes of material fact underlying Plaintiff's excessive force claim against Locy, including the amount of resistance and aggression displayed

by Plaintiff prior to entering and while in the shower room, the threat Plaintiff presented to prison security immediately before and during the encounter, and the degree of force used by Locy, are relevant to assessing the reasonableness of Locy's conduct. Crediting Plaintiff's version of events, however, as the Court must at this stage, no reasonable officer could believe that Locy's alleged conduct – slamming a restrained, noncombative detainee's head into the wall five times, punching him in the left side, slamming him to the floor with his handcuffs still on, and "power driving" a knee into his eye socket and mouth with enough force to cause his teeth to go through his lip – was an objectively reasonable response to Plaintiff arguing about the cell search and confiscated property. *See Dzionara-Norsen v. Cnty. of Monroe,* No. 21-cv-6715, 2025 WL 1826383, at *7 (W.D.N.Y. July 2, 2025) ("It was clearly established, well before the November 2020 incident, that it would violate the Fourteenth Amendment to repeatedly punch a presentence detainee in the face while the detainee was facing a wall with one arm pinned behind his back, after the detainee was non-compliant with officers' orders and attempted to pull away from an officer, but had never raised his fists or attempted to strike an officer or otherwise make a physical threat of harm."). For these reasons, Magistrate Judge Katz properly concluded that Locy was not entitled to qualified immunity at this stage of the proceedings.

**B. Plaintiff's Objection**

Plaintiff objects to Magistrate Judge Katz's recommendation that the Court sua sponte dismiss the Complaint against Laveane. Dkt. No. 37. Plaintiff contends that Laveane evaded attempts of service of process by the U.S. Marshals, and asks that the Court "examine the receipt from" the U.S. Marshals. *Id.* In response to Plaintiff's objections, counsel for Locy maintains that they have never represented Laveane as a defendant in this matter. Dkt. No. 38.

Magistrate Judge Katz recommends that the Complaint be sua sponte dismissed against

Laveane with prejudice. Dkt. No. 35 at 23. Although the Report-Recommendation does not provide a detailed explanation for this conclusion, it is presumably based on the fact that proof of service was never filed upon Laveane, and Laveane has yet to appear in this action. Pursuant to Federal Rule for Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed," the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the [C]ourt must extend the time for service for an appropriate period." *Id.*

"If a plaintiff proceeding pro se and in forma pauperis chooses to rely on the United States Marshals Service to effective service on the defendants, 'the Marshals' failure to effective service automatically constitutes good cause within the meaning of Rule 4(m).'" *Hamza v. Yandik*, No. 1:19-cv-0447 (LEK/DJS), 2023 WL 5336812, at *3 (N.D.N.Y. Aug. 18, 2023), *aff'd*, No. 23-1197-cv, 2025 WL 573708 (2d Cir. Feb. 21, 2025) (quoting *Ruddock v. Reno*, 104 F. App'x 204, 206–07 (2d Cir. 2004)); *see also Jaiyeola v. Carrier Corp.*, 242 F.R.D. 190, 192 (N.D.N.Y. 2007) ("[T]he Second Circuit has noted that a plaintiff's in forma pauperis status 'shift[s] responsibility for serving the complaint from [the plaintiff] to the Court.'" (alteration in original) (quoting *Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996))). "However, a plaintiff's reliance on the Marshals to effect service does not excuse a plaintiff's responsibility to ensure that service has in fact been effectuated." *Id.* (citing *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012)); *see also Brooks v. Educ. Bus Transp.*, No. 14-cv-3237, 2015 WL 7012924, at *8 (E.D.N.Y. Nov. 12, 2015) ("[A]lthough a plaintiff's in forma pauperis status may relieve [him] of the burden to personally serve the defendants, [he] cannot stand idle upon learning that the efforts by the USMS to serve a particular defendant have been unsuccessful." (italics and internal quotation marks omitted)). If "it

becomes apparent that the Marshals will not accomplish [service] by the Rule 4(m) or court-ordered deadline, [the plaintiff] must advise the district court that []he is relying on the Marshals to effectuate service and request a further extension of time for them to do so." *Id.*

"[A] district court *may* grant an extension in the absence of good cause, but it is not required to do so." *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007) (emphasis in original); *see Counter Terrorist Grp. U.S. v. New York Mag.*, 374 F. App'x 233, 234-35 (2d Cir. 2010). "In determining whether a discretionary extension is appropriate in the absence of good cause, district courts generally consider: '(1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service.'" *Hamza,* 2023 WL 5336812, at *4 (quoting *George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 435 (S.D.N.Y. 2016)). "Where . . . good cause is lacking, but the dismissal without prejudice in combination with the statute of limitations would result in a dismissal with prejudice, the Second Circuit will not find an abuse of discretion . . . so long as there are sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties." *Id.* (internal quotations marks omitted) (quoting *Zapata*, 502 F.3d at 197).

Based on the record before it, the Court has serious doubts that Plaintiff is entitled to an extension of time to serve Laveane, or that dismissal for lack of service pursuant to Rule 4(m) is not appropriate upon application of the above stated legal standards. However, as the Second Circuit has cautioned since its decision in *Meilleur*:

> "[W]e generally will not reverse a district court's dismissal of an action for lack of service unless the appellant can 'advance some colorable excuse for neglect.'" *Meilleur*, 682 F.3d at 61 (quoting *Zapata*, 502 F.3d at 198). Even when a plaintiff has advanced a colorable excuse for neglect, vacatur of a Rule 4(m) dismissal is not

> appropriate absent an abuse of discretion by the district court. *See id*. *"In the Rule 4(m) context, a district court abuses its discretion when, among other things, it dismisses a complaint sua sponte for lack of service without first giving notice to the plaintiff and providing an opportunity for her to show good cause for the failure to effect timely service." Id*. (citation omitted). By the same token, "we will not find an abuse of discretion in the procedure used by the district court, so long as there are sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties." *Zapata*, 502 F.3d at 197.

*Pajak v. New York State Off. of Temp. & Disability Assistance*, 783 F. App'x 86, 87 (2d Cir. 2019) (summary order) (emphasis added); *see also Heuser v. City of Glen Cove*, No. 25-541, 2026 WL 1783679 (2d Cir. June 22, 2026) ("Before dismissing a complaint sua sponte, a district court should provide 'notice to the plaintiff' and 'provid[e] an opportunity for her to show good cause for the failure to effect timely service.'") (quoting *Meilleur*, 682 F.3d at 61). Accordingly, Plaintiff is ordered to show cause within 30 days why his Complaint should not be dismissed against Laveane for lack of service under Rule 4(m).

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Katz's Report-Recommendation, Dkt. No. 35, is **ACCEPTED in part and REJECTED in part**; and it is further

**ORDERED** that Locy's motion for summary judgment pursuant to Fed. R. Civ. P. 56(a), Dkt. No. 26, is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that Locy's motion for summary judgment is **DENIED** as to Plaintiff's Fourteenth Amendment excessive force claim against Locy arising from the shower room use of force incident, which will proceed to trial, and it is further

**ORDERED** that Locy's motion for summary judgment is in all other respects **GRANTED,** and it is further

**ORDERED** that Plaintiff is ordered to show cause within 30 days why his Complaint should not be dismissed against Laveane for lack of service under Rule 4(m).

**IT IS SO ORDERED.**

Dated: September 18, 2026

Elizabeth C. Coombe
U.S. District Judge